**Jennifer JOSHUA, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 03–41052–ag.

United States Court of Appeals, Second Circuit.

Feb. 9, 2007.

Jennifer Joshua, pro se, Brooklyn, NY, for petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Margaret M. Kolbe, Assistant United States Attorneys, Brooklyn, NY, for respondent.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, LEONARD B. SAND,* District Judge.

## SUMMARY ORDER

Petitioner Jennifer Joshua (a/k/a Jennifa Joshue), an individual born in St. Lucia, seeks review of a January 21, 2003, order of the Board of Immigration Appeals ("BIA"), summarily affirming the June 20, 2002, order of Immigration Judge ("IJ") Michael Straus, ordering Joshua removed from the United States. *See In re Jennifa Joshue*, No. A. 23 310 562 (B.I.A. Jan. 21, 2003), *aff'g* No. A. 23 310 562 (Immig. Ct. Hartford, June 20, 2002). We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

Joshua argues that the IJ erred in ordering her removed from the United States, because although not a citizen, she is a "national" of the United States. As defined in Section 101(a)(22)(B) of the Immigration and Nationality Act ("INA"), a "national of the United States" is one who is either "a citizen of the United States" or, "though not a citizen of the United States, owes permanent allegiance to the United States." *See* 8 U.S.C. § 1101(a)(22)(B). Joshua contends that she is a non-citizen national because she manifested her permanent allegiance to the United States when she filed an application for naturalization and affirmed that she was willing to swear an oath of allegiance. An individual "cannot qualify as a U.S. national under 8 U.S.C. § 1101(a)(22)(B) by a manifestation of 'permanent allegiance' to the United States." *Marquez–Almanzar v. INS*, 418 F.3d 210, 218–19 (2d Cir.2005). Rather, "the road to U.S. nationality runs through provisions detailed elsewhere in the Code, and those provisions indicate that the only 'non-citizen nationals' currently recognized by our law are persons deemed to be so under 8 U.S.C. § 1408." *Id.* at 219 (internal citations omitted). The provisions of Section 1408 do not apply to Joshua. *See* 8 U.S.C. § 1408; *see also* 8 U.S.C. § 1101(a)(29).

Joshua also relies on INA § 341(b) to assert that she is a non-citizen national. That provision merely sets forth the procedure by which a non-citizen national may obtain a certificate from the Secretary of State attesting to that person's status; it does not provide a substantive right to such status. *See* 8 U.S.C. § 1452(b). In any event, because Joshua cannot prove that she is a non-citizen national, she is not entitled to a certificate under INA § 341(b).

We have considered all of Joshua's remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED.

---

* The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.